## Spring Brook Township Road.

*Water companies—Occupation of road—Relocation of road—Approval of court—Act of May 26, 1893.*

1. Under the Act of May 26, 1893, P. L. 158, a water company, incorporated for the purpose of supplying water to the public, has the absolute right to relocate and reconstruct "forthwith" any part of a public road when it finds it necessary for its corporate purpose to do so.

2. In such case, the question of compensation for any injury caused thereby is left to the provisions of the act of assembly itself.

3. The location of the new road is subject to the approval of the court.

Petition to approve the location of a reconstructed road.  Q. S. Lackawanna Co., Oct. Sess., 1923, No. 1.

*L. H. Watres,* for petitioner;  *J. J. Powell,* for exceptants.

EDWARDS, P. J., Jan. 2, 1925.—The Spring Brook Water Supply Company, the petitioner, was incorporated for the purpose of supplying water to the public in the Counties of Lackawanna and Luzerne.  In carrying out its corporate purposes, the petitioner is constructing a new storage reservoir in the Township of Spring Brook, Lackawanna County, and claims that it finds it

necessary in storing water in the said reservoir to occupy and flow with water a portion of the public road leading from Moosic to Spring Brook Corners, through Rockdale, between points "A" and "B," as marked on the map attached to the petition. In substitution for the said portion of the public road, the petitioner, at its own expense, is about to construct the substituted portion in as perfect a manner as the original road, to a width of thirty-three feet, over the lands of Earl Benjamin, as shown on the map by a dotted line between the points "E" and "F." One of the property owners living in the vicinity of the reservoir filed an answer to the water company's petition, objecting to the relocation suggested, and claiming that it will cause much inconvenience, not only to himself, but to others of the residents of the township in the particular locality.

When the case was first called for a hearing the court suggested that the engineers on both sides should meet on the ground and endeavor to agree to a relocation that would be satisfactory to both parties. The engineers did not come together, and the consequence was that the case was heard before the court in November, 1923, and testimony of witnesses on both sides taken. Several months later it was arranged that the judge who heard the evidence should visit Spring Brook Township and make a personal inspection of the ground or locality described in the pleadings and in the evidence. This inspection enabled the court to have a clearer understanding of the testimony in the case.

The proceedings are brought under the Act of May 26, 1893, P. L. 158, the first section of which reads as follows: "That whenever any water company incorporated for the purpose of supplying water to the public shall have found or shall find it necessary in storing water to occupy and flow with water portion of any turnpike or any public road in this Commonwealth, the said company shall cause the same to be reconstructed forthwith, at their own proper expense, on a favorable location to be approved by the Court of Quarter Sessions of the proper county, and in as perfect a manner as the original road, and are authorized to condemn land for that purpose whenever an agreement as to price cannot be had with the owners."

The second and third sections of the act provide that the water company may acquire land for its purpose by purchase or condemnation, and contain a provision for compensation for damage incurred by reason of the changing of the location of any turnpike or public road as authorized by the first section of the act and in acquiring lands to preserve the water supply from contamination. In the present case the objector, Hughes, and others of his neighbors claim that the relocated road will cause them great inconvenience in many ways. It is conceded that Hughes and Benjamin have been compensated for their lands, or parts of their lands, taken for reservoir purposes. At the hearing of the petition and answer we were doubtful of our jurisdiction to proceed to take testimony because of the provisions in the said Act of 1893 to compensate owners of property for "the damage incurred in changing the location of any turnpike or public road," etc. In other words, the first section of the act gives the water company the absolute right to relocate and reconstruct "forthwith" any part of a public road when it finds it necessary for its corporate purposes to do so, leaving the question of compensation for any injury caused thereby to the provisions of the act of assembly itself. However, we heard the testimony and met the parties on the ground, hoping to have the controversy settled to the satisfaction of both parties.

The case is now before us for decision *sec. leg.* In 1902 there was a case like the one at bar before McIlvaine, P. J., of Washington County. It is reported in 11 Dist. R. 595. The objections to the relocated road in that case

were: (1) The proposed road was not as favorably located as the old road; (2) the proposed road was longer and not as straight as the old road; (3) a change could be made to a more favorable location; and (4) the proposed road would cause inconvenience and hardships to the citizens of Franklin Township. We refer counsel to the opinion in the case cited, because it is in consonance with our own views as to the present controversy.

In addition to the foregoing deliverance, we state as a general proposition, that the inconveniences arising from the relocation of a part of the public road, as disclosed in the testimony in this case, should properly, if not necessarily, give way to a construction to improve and enlarge a system intended to serve the public.

Treating the answer to the petition of the water company as an exception, the same is dismissed; and the location on which shall be reconstructed the part of the public road taken by the Spring Brook Water Supply Company, as shown by the petition and the plot filed in this case, is hereby approved. This is a proper case in which the water company should pay the costs, and we so order.

From **William A. Wilcox, Scranton, Pa.**